UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JENIE SOLIS,

Plaintiff,

-against-

ALDI INC. (NEW YORK), ALDI INC. and
KIMCO BAYSHORE, LLC,

Defendants.
------------------------------------------------------------------x

Case No. 1:26-cv-09308

**FIRST AMENDED COMPLAINT**

Plaintiff, **JENIE SOLIS**, by her attorney, LAW OFFICES OF KEVIN T. GRENNAN, PLLC, as and for her FIRST AMENDED COMPLAINT against the Defendants pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, respectfully alleges, upon information and belief, as follows:

## THE PARTIES AND VENUE

1. At all times herein mentioned, Plaintiff JENIE SOLIS was and still is a resident of the County of Suffolk and State of New York.

2. At all times herein mentioned, Defendant ALDI INC. (NEW YORK) was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. At all times herein mentioned, Defendant ALDI INC. (NEW YORK) was and still is a domestic corporation doing business in the State of New York.

4. At all times herein mentioned, Defendant ALDI INC. (NEW YORK) designated the County of New York as the county in which its office is located in its

Certificate of Incorporation filed with the New York State Department of State, and designated C T Corporation System, 28 Liberty Street, New York, New York 10005, as its registered agent for service of process.

5. At all times herein mentioned, Defendant ALDI INC. was and still is a foreign business corporation organized and existing under and by virtue of the laws of the State of Nevada, and assigned DOS ID No. 826417 by the New York State Department of State, Division of Corporations.

6. At all times hereinafter mentioned, Defendant ALDI INC. was a foreign corporation authorized to do business, and doing business, in and by the laws of the State of New York.

7. At all times hereinafter mentioned, Defendant ALDI INC. was an unauthorized foreign corporation doing business in the State of New York, the authority of said Defendant to do business in the State of New York having been surrendered on or about September 8, 1995, and said Defendant having designated the County of New York as its county in New York State.

8. Defendants ALDI INC. (NEW YORK) and ALDI INC. are hereinafter collectively referred to as "ALDI."

9. At all times herein mentioned, Defendant KIMCO BAYSHORE, LLC (hereinafter referred to as "KIMCO") was and still is a foreign limited liability company organized and existing under and by virtue of the laws of the State of Delaware, formed

on February 15, 2006, and assigned DOS ID No. 3323421 by the New York State Department of State, Division of Corporations.

10. At all times herein mentioned, Defendant KIMCO was and still is a foreign limited liability company authorized to do business, and doing business, in the State of New York.

11. At all times herein mentioned, Defendant KIMCO designated C T Corporation System, 28 Liberty Street, New York, New York 10005, as its registered agent for service of process, and designated the County of Nassau as its county in the State of New York.

12. Defendants ALDI INC. (NEW YORK), ALDI INC. and KIMCO BAYSHORE, LLC are hereinafter collectively referred to as the "Defendants."

13. Venue is properly laid in the County of New York pursuant to CPLR § 503 in that Defendants ALDI INC. (NEW YORK) and ALDI INC. each designated the County of New York as their county in the State of New York with the New York State Department of State, and are therefore deemed residents of the County of New York.

14. Plaintiff asserts claims arising solely under the common law and statutes of the State of New York. Plaintiff does not assert, and expressly disclaims, any claim arising under the Constitution of the United States, laws or treaties of the United States, including, without limitation, any claim under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.

15. At all times herein mentioned, Defendant KIMCO was and still is the owner of certain premises, with the buildings and appurtenances situated therein and thereon, known and designated as 1851 Sunrise Highway, Bay Shore, New York 11706, in which there was operated a retail supermarket doing business as ALDI (hereinafter referred to as the “premises”).

16. At all times herein mentioned, Defendant KIMCO operated, maintained, managed, supervised, inspected, repaired and controlled said premises aforementioned.

17. At all times herein mentioned, Defendant KIMCO leased said premises aforementioned to Defendant ALDI, and by the terms of said lease retained the right of entry, the right to inspect, and the duty and obligation to maintain and repair said premises.

18. At all times herein mentioned, Defendant ALDI was the owner of said premises aforementioned known and designated as 1851 Sunrise Highway, Bay Shore, New York 11706, and operated therein and thereon a retail supermarket doing business as ALDI.

19. At all times herein mentioned, ALDI operated, maintained, managed, supervised, repaired and controlled said premises aforementioned.

20. At all times herein mentioned, ALDI leased said premises aforementioned from Defendant KIMCO.

21. At all times herein mentioned, ALDI leased the following portions of said premises aforementioned, viz: the retail sales floor, aisles, checkout area, entrance vestibule, the area of the store where motorized mobility carts/scooters were stored, charged and made available to customers, and the area near the exit door of the store.

22. At all times herein mentioned, ALDI operated, maintained, managed, supervised, repaired and controlled the following portions of said premises aforementioned, viz: the retail sales floor, aisles, checkout area, entrance vestibule, the area of the store where motorized mobility carts/scooters were stored, charged and made available to customers, and the area near the exit door of the store.

23. At all times herein mentioned, the Defendants, and each of them, owned, leased, operated, maintained, managed, supervised, inspected, repaired, serviced, charged, assembled, distributed, furnished and controlled a certain motorized mobility cart/scooter, together with the basket attached thereto and all of its component parts, which the Defendants made available to and encouraged the use of by members of the general public and by its customers with disabilities and mobility impairments who shopped at the premises.

## **AS AND FOR A FIRST CAUSE OF ACTION**

24. The Plaintiff repeats and reiterates each and every allegation previously set forth herein as if more fully set forth herein at length.

25. At all times herein mentioned, said premises aforementioned constituted a hazard, trap, snare and nuisance, and there existed dangerous conditions upon the premises.

26. At all times herein mentioned, there existed in and upon said premises aforementioned a certain motorized mobility cart/scooter, together with the basket attached thereto and all of its component parts that was in a dangerous, broken, defective, hazardous and unsafe condition, in that, among other things, the basket attached to said motorized mobility cart/scooter was broken, cracked, insecurely fastened, improperly mounted, improperly repaired, worn, fatigued and unsecured, so that said basket was caused and permitted to give way, break, collapse and fall.

27. At all times herein mentioned, there existed in and upon the floor, ground and surface of said premises, including but not limited to the aisles, retail sales floor, checkout area, entrance vestibule, the area of the store where motorized mobility carts/scooters were stored, charged and made available to customers, and the area near the exit door of the store, a dangerous, defective, hazardous and unsafe condition, in that, among other things, said floor, ground and surface was uneven, cracked, broken, chipped, pitted, raised, depressed, sloped, worn, slippery, wet, and/or covered with debris, foreign substances and obstructions, and contained improperly installed, maintained and/or secured mats, thresholds, transitions, expansion joints, drains and/or floor fixtures.

28. The aforementioned dangerous, defective, hazardous and unsafe condition of the floor, ground and surface of said premises caused and/or contributed to the

motorized mobility cart/scooter being used by Plaintiff JENIE SOLIS to jolt, jar, lurch, strike, tip and/or become destabilized, and caused and/or contributed to the basket attached thereto giving way, breaking, collapsing and falling down and upon Plaintiff's body.

29. Plaintiff JENIE SOLIS was lawfully and properly in and upon said premises aforementioned on December 12, 2024, at approximately 11:08 a.m., as a customer, patron, business invitee and member of the general public.

30. At the time and place aforementioned, Plaintiff JENIE SOLIS, who is a person with a disability and a mobility impairment, was using the motorized mobility cart/scooter that ALDI made available to and provided for its customers at the premises for that very purpose.

31. At the time and place aforementioned, Plaintiff JENIE SOLIS was caused the injuries, disabilities and harm hereinbelow set forth by reason of the dangerous, broken, hazardous, defective and unsafe motorized mobility cart/scooter and the basket attached thereto, and by reason of the dangerous, defective, hazardous and unsafe condition of the floor, ground and surface of said premises, in that said basket suddenly and without warning gave way, broke, collapsed and fell down and upon Plaintiff's body, striking, crushing and injuring the same.

32. The occurrence aforementioned was in no way caused or contributed to by any culpable conduct on the part of the Plaintiff herein.

33. At all times herein mentioned, the Defendants, their agents, servants and/or employees created the dangerous, broken, defective, hazardous and unsafe condition complained of herein.

34. At all times herein mentioned, the Defendants, their agents, servants and/or employees had actual notice of the dangerous, broken, defective, hazardous and unsafe condition complained of herein.

35. At all times herein mentioned, the Defendants, their agents, servants and/or employees had constructive notice of the dangerous, broken, defective, hazardous and unsafe condition complained of herein, in that said condition existed for a sufficient length of time prior to the occurrence complained of herein so that the Defendants, in the exercise of reasonable care, should have known of and remedied the same.

36. The occurrence aforementioned was caused by the negligence of the Defendants herein, their agents, servants and/or employees, in failing to keep and maintain said premises in a reasonably safe condition; in permitting said premises to be and become in an unsafe condition; in permitting a dangerous and hazardous condition to exist in and upon said premises; in creating a dangerous and hazardous condition in and upon said premises; in permitting the occurrence aforementioned to take place; in failing adequately to inspect said premises; in failing adequately to maintain said premises; in failing adequately to repair said premises; in failing to take any or adequate precautions to prevent the occurrence aforementioned; in creating and permitting to be created a snare, trap and nuisance in and upon said premises; in failing to give any or adequate warning of the condition complained of; in failing to erect any or adequate

barriers, guards or other devices to prevent the occurrence aforementioned; in failing to observe and violating the rules, regulations, statutes and ordinances of the circumstances obtaining; in negligently and carelessly designing, engineering, manufacturing, assembling, mounting, fastening, repairing, servicing, distributing, selling and making said motorized mobility cart/scooter and the basket attached thereto available to customers of said ALDI store, and in encouraging customers to use said motorized mobility cart/scooter, together with all of its component parts, so as to cause the occurrence complained of herein; in employing and utilizing improper, inexperienced, untrained and inadequate personnel in the inspection, maintenance, repair and use of said motorized mobility cart/scooter upon the premises; in employing and utilizing inferior and improper materials, tools and equipment in the design, manufacture, assembly, repair, sale and delivery of said motorized mobility cart/scooter aforementioned; in failing and neglecting to make any or adequate inspection of said motorized mobility cart/scooter and the basket attached thereto aforementioned; in failing and neglecting to make any or adequate tests of said motorized mobility cart/scooter and the basket attached thereto aforementioned; in negligently making modifications to said motorized mobility cart/scooter which were dangerous, defective and hazardous; in failing to remove said broken and defective motorized mobility cart/scooter from service and from use by customers; in failing to anticipate and/or guard against the potential of the happening of the occurrence complained of herein; in permitting and allowing said product aforementioned to be placed in the stream of commerce and used by patrons of the store in a dangerous, broken, defective, hazardous and unsafe condition; in failing to give any or adequate warning of the

dangerous condition of said product aforementioned; in giving improper and misleading directions relative to the use of said product aforementioned; in failing to keep and maintain the floor, ground and surface of said premises in a reasonably safe condition; in permitting the floor, ground and surface of said premises to be and remain uneven, cracked, broken, chipped, pitted, raised, depressed, sloped, worn, slippery and wet; in permitting debris, liquids, foreign substances and obstructions to be and remain upon the floor, ground and surface of said premises; in failing to properly install, secure, repair and maintain the floor mats, thresholds, transitions, expansion joints, drains and floor fixtures of said premises; in failing to properly and adequately inspect, clean, sweep, mop and repair the floor, ground and surface of said premises; in failing to adopt, implement and follow reasonable inspection, cleaning and maintenance procedures for the floor, ground and surface of said premises; in failing to provide a reasonably safe path of travel for customers using motorized mobility carts/scooters; in failing to warn of the dangerous condition of the floor, ground and surface of said premises; and in otherwise being negligent in respects presently unknown to the Plaintiff. The doctrine of res ipsa loquitur is claimed to be applicable herein.

37. As a result of the foregoing, Plaintiff JENIE SOLIS was rendered sick, sore, lame and disabled, sustained severe and grievous injuries to her head, body and limbs, suffered extreme pain, shock and emotional distress, and was otherwise injured in and about her person and body, some of which injuries are permanent in nature.

38. As a result of the foregoing, Plaintiff JENIE SOLIS incurred and will continue to incur great expense in attempted medical care and cure.

39. As a result of the foregoing, Plaintiff JENIE SOLIS was disabled and will continue to be disabled from pursuing her normal and usual activities, occupation and vocation.

40. This cause of action is not subject to the provisions of Article 16 of the CPLR and/or falls within one or more of the stated exceptions set forth in CPLR § 1602.

41. By virtue of the premises, Plaintiff JENIE SOLIS has been damaged in an amount greater than the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

42. The Plaintiff repeats and reiterates each and every allegation previously set forth herein as if more fully set forth herein at length.

43. At all times herein mentioned, the Defendants were in the business, among other things, of manufacturing a certain product known as a motorized mobility cart/scooter, together with the basket attached thereto.

44. At all times herein mentioned, the Defendants were in the business, among other things, of assembling a certain product known as a motorized mobility cart/scooter, together with the basket attached thereto.

45. At all times herein mentioned, the Defendants were in the business, among other things, of distributing and supplying a certain product known as a motorized mobility cart/scooter, together with the basket attached thereto.

46. At all times herein mentioned, the Defendants were in the business of making motorized mobility carts/scooters available for use by customers with disabilities at the premises.

47. Heretofore, and at some time prior to December 12, 2024, the Defendants placed in the stream of commerce the product aforementioned, intending thereby that the same be offered for use to members of the general public.

48. Heretofore, and on or about December 12, 2024, the Defendants distributed, supplied and furnished the product aforementioned to Plaintiff JENIE SOLIS.

49. At the times aforementioned, said product aforementioned was, and thereafter remained through December 12, 2024, in a defective condition, and was defectively designed, defectively manufactured, defectively assembled, defectively repaired and unreasonably dangerous, and was accompanied by inadequate warnings and instructions.

50. Plaintiff JENIE SOLIS was caused the injuries, disabilities and harm hereinbelow set forth by reason of the defective condition of said product aforementioned on December 12, 2024, at 1851 Sunrise Highway, Bay Shore, New York 11706, and by reason of the defective, dangerous, hazardous, broken and unsafe motorized mobility cart/scooter and the basket attached thereto, causing said basket to give way, break, collapse and fall down and upon Plaintiff’s leg.

51. As a result of the foregoing, the Defendants became, remained, were and are strictly liable in tort to Plaintiff JENIE SOLIS for the injuries, disabilities and harm hereinbelow set forth.

52. As a result of the foregoing, Plaintiff JENIE SOLIS was rendered sick, sore, lame and disabled, sustained severe and grievous injuries to her head, body and limbs, suffered extreme pain, shock and emotional distress, and was otherwise injured in and about her person and body, some of which injuries are permanent in nature.

53. As a result of the foregoing, Plaintiff JENIE SOLIS incurred and will continue to incur great expense in attempted medical care and cure.

54. As a result of the foregoing, Plaintiff JENIE SOLIS was disabled and will continue to be disabled from pursuing her normal and usual activities, occupation and vocation.

55. This cause of action is not subject to the provisions of Article 16 of the CPLR and/or falls within one or more of the stated exceptions set forth in CPLR § 1602.

56. By virtue of the premises, Plaintiff JENIE SOLIS has been damaged in an amount greater than the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION

57. The Plaintiff repeats and reiterates each and every allegation previously set forth herein as if more fully set forth herein at length.

58. At the time aforementioned, the Defendants expressly and impliedly warranted that said product aforementioned was of merchantable quality and reasonably fit for the purpose for which it was intended.

59. The Defendants breached said warranties aforementioned in that said product aforementioned was not of merchantable quality and was not fit for the purpose for which it was intended, in that the subject motorized mobility cart/scooter and the basket attached thereto were hazardous, dangerous, broken, defective and unsafe, and caused serious personal injury to the Plaintiff when the basket attached to said motorized mobility cart/scooter gave way, broke, collapsed and fell down and upon the leg of Plaintiff JENIE SOLIS.

60. Plaintiff JENIE SOLIS was caused the injuries, disabilities and harm hereinbelow set forth by reason of the breach of said warranties aforementioned on December 12, 2024, at 1851 Sunrise Highway, Bay Shore, New York 11706, and by reason of the defective, dangerous, broken, hazardous and unsafe motorized mobility cart/scooter and the basket attached thereto, causing said basket to collapse and fall down and upon Plaintiff’s leg.

61. Due and timely notice of the breach of said warranties has been given to the Defendants.

62. As a result of the foregoing, Plaintiff JENIE SOLIS was rendered sick, sore, lame and disabled, sustained severe and grievous injuries to her head, body and limbs, suffered extreme pain, shock and emotional distress, and was otherwise injured in and about her person and body, some of which injuries are permanent in nature.

63. As a result of the foregoing, Plaintiff JENIE SOLIS incurred and will continue to incur great expense in attempted medical care and cure.

64. As a result of the foregoing, Plaintiff JENIE SOLIS was disabled and will continue to be disabled from pursuing her normal and usual activities, occupation and vocation.

65. This cause of action is not subject to the provisions of Article 16 of the CPLR and/or falls within one or more of the stated exceptions set forth in CPLR § 1602.

66. By virtue of the premises, Plaintiff JENIE SOLIS has been damaged in an amount greater than the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**AS AND FOR A FOURTH CAUSE OF ACTION**

67. The Plaintiff repeats and reiterates each and every allegation previously set forth herein as if more fully set forth herein at length.

68. At all times herein mentioned, Plaintiff JENIE SOLIS was and is a person with a disability within the meaning of the New York State Human Rights Law, Executive Law § 292.

69. At all times herein mentioned, the premises aforementioned was and is a place of public accommodation within the meaning of the New York State Human Rights Law, Executive Law § 292.

70. The occurrence aforementioned was caused by the Defendants' violation of New York State Executive Law § 296, in that the Defendants withheld from and denied to Plaintiff, on account of her disability, the accommodations, advantages, facilities and privileges of a place of public accommodation, and failed to provide and maintain reasonable accommodations for persons with disabilities at the premises.

71. As a result of the foregoing, Plaintiff JENIE SOLIS was rendered sick, sore, lame and disabled, sustained severe and grievous injuries to her head, body and limbs, suffered extreme pain, shock and emotional distress, and was otherwise injured in and about her person and body, some of which injuries are permanent in nature.

72. As a result of the foregoing, Plaintiff JENIE SOLIS incurred and will continue to incur great expense in attempted medical care and cure.

73. As a result of the foregoing, Plaintiff JENIE SOLIS was disabled and will continue to be disabled from pursuing her normal and usual activities, occupation and vocation.

74. This cause of action is not subject to the provisions of Article 16 of the CPLR and/or falls within one or more of the stated exceptions set forth in CPLR § 1602.

75. By virtue of the premises, Plaintiff JENIE SOLIS has been damaged in an amount greater than the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff JENIE SOLIS demands judgment against the Defendants ALDI INC. (NEW YORK), ALDI INC. and KIMCO BAYSHORE, LLC, jointly and severally, as follows:

1. On the first, second and third causes of action, in an amount greater than the jurisdictional limits of all lower courts that would otherwise have jurisdiction, together with the interest, costs and disbursements of this action;

2. On the fourth cause of action, in an amount greater than the jurisdictional limits of all lower courts that would otherwise have jurisdiction, together with attorney's fees, interest, costs and disbursements of this action; and

3. For such other and further relief as to this Court may seem just, proper and equitable.

## DEMAND FOR JURY TRIAL

**Pursuant to Rule 38 of the Federal Rules of Civil Procedure, to the extent this action remains in this Court, Plaintiff demands a trial by jury on all issues so triable.**

Dated: Garden City, New York
October 26, 2026

LAW OFFICES OF KEVIN T. GRENNAN, PLLC

Kevin T. Grennan

By: KEVIN T. GRENNAN, ESQ.
Attorney for Plaintiff
JENIE SOLIS

666 Old Country Road, Suite 555
Garden City, New York 11530
(516) 745-5490
kevin@grennanlaw.com